Sylvia JENKINS, Plaintiff–Appellant,

v.

Michael MURPHY,[1] Defendant–Appellee.

No. 08–6165–cv.

United States Court of Appeals, Second Circuit.

Dec. 15, 2009.

Sylvia Jenkins, pro se, Syracuse, NY.

PRESENT: PIERRE N. LEVAL, PETER W. HALL, Circuit Judges, J. GARVAN MURTHA,[2] District Judge.

### SUMMARY ORDER

Appellant Sylvia Jenkins, *pro se*, appeals the district court's *sua sponte* dismissal of her 42 U.S.C. § 1983 complaint for failure to state a claim. We assume the parties' familiarity with the underlying facts, the procedural history of the case, and the issues on appeal.

We dismiss Jenkins's appeal for want of subject-matter jurisdiction. " 'It is a fundamental precept that federal courts are courts of limited jurisdiction' and lack the power to disregard such limits as have been imposed by the Constitution or Congress." *Durant, Nichols, Houston, Hodgson, & Cortese–Costa, P.C. v. Dupont,* 565 F.3d 56, 62 (2d Cir.2009) (quoting *Owen Equip. & Erection Co. v. Kroger,* 437 U.S. 365, 374, 98 S.Ct. 2396, 57 L.Ed.2d 274 (1978)). Jenkins's complaint suggests no basis for federal question jurisdiction, as the defendant is a private party and there is no allegation that he was acting under the color of state law. *Tancredi v. Metro. Life Ins. Co.,* 316 F.3d 308, 312 (2d Cir. 2003) ("A plaintiff pressing a claim of violation of his constitutional rights under § 1983 is ... required to show state action."); *Carlos v. Santos,* 123 F.3d 61, 65 (2d Cir.1997) ("[T]he defendant in a § 1983

---

1. The Defendant–Appellee did not file a notice of appearance before either the district court or this Court.

2. J. Garvan Murtha, Senior District Judge of the United States District Court for the District of Vermont, sitting by designation.

action [must] have exercised power possessed by virtue of state law and made possible only because the wrongdoer is clothed with the authority of state law.") (internal quotation marks omitted). Nor has Jenkins pled any basis for this Court to exercise diversity jurisdiction in this matter. Moreover, despite permission from the district court to file an amended complaint clarifying that court's basis for exercising subject-matter jurisdiction, Jenkins failed to file a complaint or otherwise respond to the court's instructions.

We conclude that this Court lacks subject-matter jurisdiction over this case, and it is thus **DISMISSED.**